Production of documents; executive frwilege. — On May 16, 1974 Trial Judge Lydon filed an order with respect to plaintiffs’ motion to compel the production of documents, the documents sought including several in the possession of the Executive Office of the President; Trial Judge Lydon concluded that defendant’s present assertion of executive privilege was ineffective, and gave defendant 30 days to properly assert the claim of executive privilege as the necessary foundation for consideration of said claim, or produce for inspection by plaintiffs the 18 documents which are the subject of the discovery motion. On November 7,1974 the court issued the following order:
Before, CoweN, Chief Judge, Laramorb, Senior Judge, Davis, SkeltoN, Nichols and BehNett, Judges, En banc.
“In this case, in which a hearing was scheduled on de *857 fendant’s request for review of the trial judge’s order of May 16,1974, the proceedings were as follows:
“(1) Herbert J. Miller, Esquire, a member of the bar of this court, appeared in open court and stated that he has general authority to represent former President Nixon in any litigation involving the papers and materials covered by the agreement of September 6,1974, between Mr. Nixon and the Administrator of the General Services Administration. He also stated that he intended to file in this case Mr. Nixon’s formal claim of executive privilege with respect to the documents listed in Schedule D of the affidavit of J. Fred Buz-hardt, Counsel to the former President, filed herein on March 27, 1974. Mr. Miller requested and was granted leave to file a motion for a protective order under Rule 71(f), with respect to such documents, plus a brief in support thereof.
“ (2) Counsel for defendant filed a written statement of its position in which the Government withdrew all claims of privilege to the documents listed in Schedules B, C, and D of the Buzhardt affidavit filed March 27,1974. The statement also advised the court that the defendant supports a claim of executive privilege as to the four documents listed in Schedule D, which is to be filed by Herbert J. Miller, as attorney for former President Nixon. The defendant also agreed that the 14 documents listed in Schedules B and C, presently being held for an m camera examination by the trial judge, may now be made available by the clerk to plaintiffs, and
“(3) Counsel for plaintiffs stated that they would oppose the allowance of a protective order in behalf of former President Nixon, as well as any claim of privilege asserted by him.
“On the basis of the foregoing, it is ordered that:
“ (a) In view of Mr. Nixon’s current illness and at the request of Mr. Miller, Mr. Nixon shall have until November 22, 1974, for filing herein a formal claim of privilege with respect to the documents listed in Schedule D of the Buzhardt affidavit;
“ (b) Contemporaneously with the filing of Mr. Nixon’s claim of privilege, the Government may file a brief in support of Mr. Nixon’s claim;
“(c) Within two weeks (14 days) after the filing of Mr. Nixon’s claim of privilege, plaintiffs may file their brief in opposition to Mr. Nixon’s motion for a protec *858 tive order and claim of privilege, as well as plaintiffs’ brief in answer to any brief filed by the Government under this order;
“(d) Since neither the United States nor former President Nixon now claims that the documents listed in Schedules B and C of the Buzhardt affidavit are subject to a claim of privilege, the clerk is hereby directed ito make those documents available to plaintiffs, and
“(e) Defendant’s request for review of the trial judge’s order of May 16, 1974, has become moot_and is hereby denied, but the case shall remain on the judges’ docket until otherwise ordered.”